UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BUSINESSES FOR A BETTER NEW YORK, et al.

       Plaintiffs,

   v.                 ORDER
                       09-CV-891A

M. PATRICIA SMITH, in her official capacity as
Commissioner of Labor for the State of New York,
et al.
       Defendants.

---

   Currently before the Court is a motion by defendants to dismiss the complaint as barred by the doctrine of *res judicata*, and a cross-motion by plaintiffs to amend the complaint to add new claims. For the reasons stated, the motion to dismiss is granted and the cross-motion to amend is denied.

## **BACKGROUND**

   Plaintiffs, Businesses for a Better New York (BBNY) and Paragon Restoration (Paragon), challenge the constitutionality of a New York statute, Labor Law § 240(1), alleging that the statute violates the Due Process Clause of the United States Constitution. The Defendants in this action are M. Patricia Smith, the Commissioner of Labor, James J. Wrynn, the Superintendent of Insurance, Robert E. Beloten, the Chairman of the Workers' Compensation

1

Board, and Andrew M. Cuomo, Attorney General of the State of New York, all of whom are named in their official capacities. Plaintiffs seek injunctive relief directing the Defendants to immediately cease enforcement of § 240(1).

Defendants moved to dismiss this action asserting that plaintiffs' due process claim is barred by the doctrine of res judicata because it could have been raised in an earlier case between the same parties. Specifically, on October 6, 2006, plaintiffs BBNY and Paragon (along with several other business entities who are not parties to this suit) previously commenced an action in this Court challenging the constitutionality of § 240(1), along with a related statute, Labor Law § 241(6), on grounds other than those raised here. *See Businesses for a Better New York v. Valone, et al.*, 06-CV-669 (W.D.N.Y). There, plaintiffs asserted that §§ 240(1) and 241(6) (together, the "scaffold laws") violated their Equal Protection rights and the dormant Commerce Clause of the United States Constitution. Plaintiffs further asserted that the scaffold laws violated the Supremacy Clause because they purportedly were preempted by the federal Occupational Safety and Health Act of 1970, 29 U.S.C. § 653(b)(4) (OSHA).

Magistrate Judge Hugh B. Scott, to whom the matter had been referred, issued a report and recommendation on May 31, 2007 recommending that the defendants' motion to dismiss all of the claims in that case be granted. Plaintiffs filed timely objections to the report and recommendation. In their objections, plaintiffs asserted for the first time that the scaffold laws also violate the Due

2

Process Clause of the United States Constitution. The Court heard argument on the objections and on September 28, 2007, this Court issued an order adopting the report and recommendation and dismissing the plaintiffs' complaints. The Court declined to address the due process argument because it was not raised in the complaint or before the Magistrate Judge.

Plaintiffs appealed that decision to the United States Court of Appeals for the Second Circuit. On August 12, 2009, the Second Circuit issued a summary order affirming this Court's dismissal of plaintiffs' claims. The Second Circuit also declined to address plaintiffs' due process claim because it was not raised in the complaint or in the proceedings below.

Plaintiffs oppose the motion to dismiss and cross-move for leave to amend to assert additional claims that the scaffold laws violate their rights to a jury trial under the Seventh Amendment and the New York State Constitution. Defendants oppose the motion to amend asserting that those additional claims are also barred by *res judicata.*

The Court heard oral argument on both motions on August 31, 2010.

## **DISCUSSION**

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), this Court accepts the factual allegations in the complaint as true and draws all reasonable

3

inferences in the plaintiffs' favor. *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009). In accordance with the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009). a "plausibility standard" is applied, guided by two working principles: "First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss," and "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

Defendants assert that plaintiffs' due process and right to jury trial claims are barred by principles of *res judicata*. The doctrine of *res judicata*, otherwise known as claim preclusion, "holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000) (internal quotation marks omitted). "Claim preclusion bars a subsequent action–involving either the same plaintiffs or parties in privity with those plaintiffs–from asserting claims that were, *or could have been,* raised in a prior action that resulted in an adjudication on the merits." *Bank of New York*

4

*v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (emphasis added).

In contrast, issue preclusion, also known as collateral estoppel, bars a plaintiff from relitigating an issue that has already been fully and fairly litigated in a prior proceeding. *Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003). Issue preclusion apples when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (internal quotation marks omitted).

Claim preclusion, and not issue preclusion, applies here. "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *NLRB v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir. 1983) (citations omitted). To establish claim preclusion, a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. *Monahan,* 214 F.3d at 285.

The first two elements are clearly met–the previous action was adjudicated on the merits, and both actions involve the same parties. The third requirement of claim preclusion is also met because, as defendants correctly note, plaintiffs' due process and right to jury trial claims *could have been raised* in connection with their first complaint. Plaintiffs have asserted no new facts that would have rendered those claims unripe during the pendency of the first complaint. In other words, all of the facts alleged in the second complaint existed at the time of the prior action and therefore could have been brought in connection with the first case. *Cf, Storey v. Cello Holdings, LLC,* 347 F.3d 370, 383 (2d Cir. 2003) ("Claims arising subsequent to a prior action need not, and often perhaps could not, have been brought in that prior action; accordingly, they are not barred by *res judicata*."). Because all three elements of claim preclusion apply, plaintiffs are barred from relitigating their due process and right to jury trial claims.

## CONCLUSION

Because plaintiffs' claims could have been raised in connection with the prior case, claim preclusion applies and the defendants' motion to dismiss must be granted. Moreover, the motion to amend the complaint is denied as moot because the proposed amendment would also be subject to *res judicata*.

The Clerk of the Court shall take all steps necessary to close the case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 16, 2010